UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE MBY

| | |
|---|---|
| SHEREEN MOHIUDDIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| ASSOCIATION OF AMERICAN MEDICAL COLLEGES, | ) |
| Defendant. | ) |

Civil Action No.

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

### I.  INTRODUCTION

1.    The plaintiff, Shereen Mohiuddin seeks an order compelling the defendant, the Association of American Medical Colleges ("the Association" or AAMC), to provide her, in accordance with the reasonable accommodation requirement of the Americans with Disabilities Act ("ADA"), with reasonable test accommodations in the form of allowing 100% additional time and a separate, quiet exam room for the administration of the Medical College Admission Test ("MCAT") on April 16, 2005.

### II.  JURISDICTION and VENUE

2.    This claim arises under the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12101, et seq., and this Court has subject matter jurisdiction based on a federal question under 42 U.S.C. § 1331. Venue is proper in the District of Massachusetts because plaintiff resides within Massachusetts.

overcome the limitations caused by her disabilities.

7.    Ms. Mohiuddin was diagnosed with Attention Deficit Disorder (ADD) by Dr. David Urion on August 6, 1993. Dr. Urion suggested a trial of medication that was implemented soon after his recommendation. Ms. Mohiuddin has taken medication to address ADD during the past ten years and continues to take medication at this time. Although medication does improve her ability to focus, Ms., Mohiuddin continues to exhibit delays in processing abilities, which affect her ability to read and write in work, home, and academic settings. These delays severely affect her ability to perform on standardized tests that are subject to time limitations such that she is not able to perform as well as a majority of her peers that take the same type of test unless she provided with reasonable accommodations for her disability.

8.    Additional testing by Nancy Hall, an educational evaluator, in April, 1993, revealed deficits in perceiving subtle visual details and below average scores on tests of matching and copying figures. In academic testing of math performance, Ms. Mohiuddin scored lower than most of her peers when the test was timed. When administered the same test in an untimed setting, Ms. Mohiuddin was able to perform at the 97th percentile. Ms. Hall observed that Ms. Mohiuddin "appears to be highly inefficient in processing, planning, organizing and production." Ms. Hall concluded that Ms. Mohiuddin "seems to need a good deal of time to think, organize and perform. This makes homework assignments long and laborious; and timed tests and in-class writing assignments very difficult for Shereen to complete." Ms. Hall recommended that Ms. Mohiuddin take all of her tests untimed, "including the SATs." Ms. Hall indicated that "having to bow to the constraints of the clock for Shereen is like asking a far-sighted person to read without her glasses."

9.    Since high school, Ms. Mohiuddin has been allowed additional time to complete assignments and when taking tests. After receiving a diagnosis from Dr. Urion in 1993, Ms. Mohiuddin was provided with the accommodations of 100% additional time and a separate quiet exam room as a senior in high school.

10.    In college at Brown University, Ms. Mohiuddin was provided with the reasonable

accommodation of 100% additional time for testing and all testing was offered in a separate, quiet examination room.  Given her disability, she was also given permission by the University's Dean of Disability Services to take a reduced course load and to extend the number of semesters over which she completed degree requirements.  Ms. Mohiuddin has also been provided with accommodations for national standardized tests such as the SAT.

11.    Ms. Mohiuddin has had to spend significantly more time studying and preparing for her classes than her peers while at college and as a postbaccalaureate student.  By working harder and receiving appropriate accommodations, Ms. Mohiuddin was able to perform well as an undergraduate student at Brown University and as a premedical student at the Harvard University Extension School.  However, Ms. Mohiuddin is not able to perform as well as most of her peers without accommodations for her disability.

12.    Ms. Mohiuddin was evaluated by Dr. John Miner, a neuropsychologist, on July 25, 2003.  Dr. Miner found Ms. Mohiuddin to be "quite slow to respond" and to require examiner questions to elicit further responses that demanded more than a single answer.  Ms. Mohiuddin had difficulty responding quickly to auditory targets.  She was slow to retrieve automatized information, such as simple word-reading and color-naming.  She performed in the low-average to deficient range on timed tests of auditory concentration.  Dr. Miner observed that a test of executive functioning revealed that Ms. Mohiuddin "reaches fatigue more easily than other people, at which point her attention and speed of output suffer significantly."  Dr. Miner concluded that Ms. Mohiuddin had significant deficits in speed and efficiency of information processing, rate of reading and writing, sustained auditory attention, verbal fluency, speed of retrieval of automatized information, concentration when presented extraneous distracting stimulation and attentional lapses under conditions of time pressure or fatigue. Dr. Miner confirmed the earlier diagnosis of Attention Deficit Disorder, Combined Type and recommended that Ms. Mohiuddin be provided the accommodation of testing in a separate quiet space and that she be provided untimed tests.  Dr. Miner noted that Ms. Mohiuddin's performance in reading and writing rose dramatically when time constraints were removed, "thereby revealing her true

capability without penalizing her for the confounding effects of ADD."

13.    Ms. Mohiuddin is substantially limited by her disability (Attention Deficit Disorder) in the activities of reading, studying, learning, test-taking, concentration, planning, processing, organizing, writing, thinking, and working.

14.    Ms. Mohiuddin was registered to take the Medical College Admissions Test (MCAT) on August 14, 2004.  On or about June 6, 2004, Ms. Mohiuddin submitted a request for reasonable accommodations to the MCAT Program Office in Iowa City, Iowa, in accordance with the procedures established by that office.  Ms. Mohiuddin included with her request extensive documentation, including evaluations from 1981, 1984, 1993, 2002 and 2003.  Ms. Mohiuddin also provided information about her current treatment by Dr. Jeffrey Wishik, reports of prior standardized test accommodation, and documentation of accommodations provided in high school, college and postbaccalaureate programs.

15.    Even though Ms. Mohiuddin had provided the MCAT Program Office with the extensive documentation required by the Association to document a request for a reasonable accommodation based on a disability, on June 16, 2004, Ms. Mohiuddin was advised by Harlan Stientjes on behalf of the Association that no accommodation would be provided.

16.    Ms. Mohiuddin appealed the denial of her request for a reasonable accommodation on June 25, 2004.  On July 23, 2004, Ms. Mohiuddin was advised in a letter by Thomas Newton, Director of the MCAT Program Office, that her appeal had been denied.

17.    Ms. Mohiuddin elected not to take the MCAT scheduled for August 14, 2004 due to the Association's refusal to accommodate her disability.

18.    In rejecting Ms. Mohiuddin's request for a reasonable accommodation, the Association applied an improper standard for determining whether Ms. Mohiuddin had demonstrated that she was disabled as that term is defined in the ADA.  The Association also failed to properly consider the evidence of current deficits in functioning that Ms. Mohiuddin had provided.  The Association acted in an arbitrary and irrational matter in denying Ms. Mohiuddin the requested accommodations of 100% additional time and a quiet testing

environment.

19.    The next date for administration of the MCAT is April 16, 2005. Ms. Mohiuddin has registered for this administration of the test and plans to take the test at that time, provided that appropriate accommodations for her disability are made by the AAMC. Ms. Mohiuddin believes that she will be denied a reasonable accommodation for the administration of the April 16, 2005 MCAT by the Association, based upon the denial of her request in June 2004.

20.    The MCAT is a nationally standardized test that is administered in timed sections. The MCAT is designed to predict how well potential medical school applicants would do in medical school if accepted. Ms. Mohiuddin will not be able to demonstrate her full capability as a potential medical student if she is required to take the test in the standardized time. Ms. Mohiuddin's disability requires that she be provided with the accommodations of additional time and a quiet separate setting.

## Count I -- Violation of the ADA, 42 U.S.C. § 12189

21.    Ms. Mohiuddin repeats and incorporates by reference the allegations contained in Paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22.    Ms. Mohiuddin is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12111. Ms. Mohiuddin is a qualified individual within the meaning of the ADA in that she meets all of the eligibility criteria for taking the MCAT.

23.    The Association of American Medical Colleges is a non-profit educational association comprised of medical schools, teaching hospitals, and academic societies. The Association is a private entity that offers examinations related to applications to postsecondary education and as such is required to offer such examinations or courses in a manner accessible to persons with disabilities.

24.    By refusing to provide Ms. Mohiuddin her requested reasonable accommodation, the Association violated 42 U.S.C. § 12189 of the ADA, which imposes a legal obligation upon the Association to provide Ms. Mohiuddin with reasonable accommodations to allow her  equal

access to the examinations administered by the Association.

25.     By refusing to provide Ms. Mohiuddin her requested reasonable accommodation, the Association violated the provisions of the regulations of Title III of the ADA that require private entities that offers examinations related to applications to offer those examinations in a manner accessible to persons with disabilities, including required modifications such as changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given, 28 C.F.R. § 36.309.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Shereen Mohiuddin respectfully requests that this Court grant her the following relief:

1.     Preliminarily order the Association, or those acting as agents for or in concert with it, to provide a reasonable accommodation to Ms. Mohiuddin, by providing her with 100% additional time to take the test and to provide testing in a quiet, separate setting.

2.     Make the above order permanent upon final hearing on the merits, and that such orders be made applicable to all future examinations administered by the Association and taken by Ms. Mohiuddin.

3.     Declare that the Association failed to provide Ms. Mohiuddin with a reasonable accommodation for the August 2004 administration of the MCAT.

4.     Award Ms. Mohiuddin hers costs of suit, along with reasonable attorneys' fees; and

5.     Award such other relief as the Court may deem necessary and just.

SHEREEN MOHIUDDIN
By her attorney,

Dated: 1/12/2005

Tim Sindelar BBO # 557273
Bowman, Moos & Hilton
222 Third Street, Suite 3220

Cambridge, MA 02102
617 494 8808 ex. 25
Fax: 617 494 8960

## VERIFICATION OF COMPLAINT

Shereen Mohiuddin, being duly sworn, deposes and says that she is the plaintiff in the
above-entitled case; that she is familiar the subject matter of this Complaint; that she has read the
Complaint; and that all of the allegations therein are true and correct to the best of her knowledge
and belief.


_____              _____
Date                                     SHEREEN MOHIUDDIN

Subscribed and sworn to before me this 3rd day of January, 2005.

_____
Notary Public

My Commission Expires: 9-27-2005

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SHEREEN MOHIUDDIN

**DEFENDANTS**

ASSOCIATION OF AMERICAN MEDICAL COLLEGES

(b) County of Residence of First Listed Plaintiff  **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Washington, DC.**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  TIM SINDELAR
BOWMAN, MOOS & HILTON
222 Third St. Suite 3220  CAMBRIDGE MA 02142
617 494 8808

Attorneys (If Known)

05 10084 DPW

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §12101

Brief description of cause:
Action under ADA seeking reasonable accommodation in testing

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                      DOCKET NUMBER

DATE
1/12/2005

SIGNATURE OF ATTORNEY OF RECORD
Tim Sindel

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Mohiuddin v. Association of American Medical Colleges

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

\*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)    YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?    YES ☐    NO ☒

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

A. If yes, in which division do all of the non-governmental parties reside?    YES ☒    NO ☐

Eastern Division ☒    Central Division ☐    Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Tim Sindelar

ADDRESS  222 Third Street Suite 3220 Cambridge MA 02142

TELEPHONE NO.  617 494 8808

(Coversheetlocal.wpd - 10/17/02)